# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,<br>Appellant,<br>vs.<br>BANK OF AMERICA, N.A., SUCCESSOR BY MERGER TO BAC HOME LOANS SERVICING, LP, F/K/A COUNTRYWIDE HOME LOANS SERVICING, LP, A NATIONAL ASSOCIATION,<br>Respondent. | No. 73908<br><br>**FILED**<br><br>MAR 24 2020<br><br>ELIZABETH A. BROWN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment following a bench trial in a quiet title action. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge. Reviewing the district court's factual findings following a bench trial for substantial evidence and its legal conclusions de novo, *Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012), and its decision to admit or exclude evidence for an abuse of discretion, *M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008), we affirm.

Following a five-day bench trial, the district court concluded that respondent Bank of America, N.A. preserved its deed of trust because its agent Miles Bauer tendered the superpriority amount of the HOA's lien to the HOA's agent, NAS. As an initial matter, we disagree with the district court's conclusion that Miles Bauer's October 2013 letter offering to pay the yet-to-be-determined superpriority lien amount constituted a valid tender

that preserved respondent's deed of trust.[1] *See 7510 Perla Del Mar Ave Tr. v. Bank of Am., N.A.*, 136 Nev., Adv. Op. 6, __ P.3d __, __ (2020) (concluding that an offer to pay the superpriority amount in the future, once that amount is determined, does not constitute a tender sufficient to preserve the first deed of trust); *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 605, 427 P.3d 113, 116 (2018) (holding that a deed of trust beneficiary can preserve its deed of trust by tendering the superpriority portion of the HOA's lien before the foreclosure sale is held). Accordingly, we conclude that the district court erred in determining that there was a valid tender.

We agree, however, with the district court's alternative conclusion that tender would have been futile. Substantial evidence supports the district court's conclusion that even if Miles Bauer had tendered a check for the superpriority amount, it would have been rejected. Evidence at trial established that at the time relevant to this action, it was NAS's business policy to refuse to respond to any letters from Miles Bauer requesting superpriority payoff amounts and to have its receptionist reject any check for less than the full lien amount, which included the subpriority components and NAS's own fees and costs.[2] Evidence further established that Miles Bauer and respondent had knowledge of this business practice. Respondent was therefore excused from making a formal tender in this

---

[1]As such, appellant's arguments that respondent failed to record its offer to pay pursuant to NRS 106.220 and NRS 111.315 are irrelevant.

[2]We reject appellant's argument that the district court abused its discretion in permitting Rock Jung to testify, admitting Miles Bauer's letter into evidence, and allowing Jung to use an undisclosed document to refresh his recollection. Jung was properly disclosed as an NRCP 30(b)(6) witness for Miles Bauer months before discovery closed. The Miles Bauer letter was properly disclosed and admitted for non-hearsay purposes. A proper foundation was laid to refresh Jung's recollection at trial.

instance. *See Perla Del Mar*, 136 Nev., Adv. Op. 6, ___ P.3d at ___ (concluding that NAS's known policy of rejecting any payment for less than the full lien amount generally excused the bank's obligation to tender and therefore the bank preserved its interest in the property); *see also* 74 Am. Jur. 2d *Tender* § 4 (2012) ("A tender of an amount due is waived when the party entitled to payment, by declaration or by conduct, proclaims that, if tender of the amount due is made, it will not be accepted."). Thus, we conclude that the district court properly determined that respondent preserved its interest in the property such that appellant purchased the property subject to respondent's first deed of trust.[3]

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ , C.J.
Pickering

_____ J.        _____ , J.
Gibbons                          Hardesty

_____ J.        _____ , J.
Parraguirre                      Stiglich

_____ , J.      _____ , J.
Cadish                           Silver

---

[3]Because we conclude that respondent's first deed of trust is preserved as a matter of law, we do not reach appellant's arguments that the district court erred in concluding that the first deed of trust should be preserved under principles of equity due to commercial unreasonableness or bona fide purchaser status. For the same reason, we do not reach whether the district court erred in concluding that that the CC&Rs' mortgage savings provision limited the foreclosure to the subpriority portion of the HOA's lien.

cc: Hon. Mark R. Denton, District Judge
Janet Trost, Settlement Judge
Kim Gilbert Ebron
Akerman LLP/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A